# Christ Detzel, Plff. in Err., *v.* William Schomaker et al., Partners as Schomaker & Company.

An acknowledgment of the correctness of an account and a promise to pay will bar the statute of limitations.

Where a plaintiff swears positively to an acknowledgment of a debt within six years and a promise to pay the same, and this is denied by the defendant, a question of fact is raised for the jury, and if they believe the plaintiff, the statute is tolled, and they can find for plaintiff.

(Argued October 27, 1887.  Decided November 11, 1887.)

October Term, 1887, No. 101, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.  Error to the Common Pleas No. 2 of Allegheny County to review a judgment for plaintiffs in an action of assumpsit.  Affirmed.

On the trial before White, J., the following facts appeared: Defendant, Christ Detzel, failed in September, 1876, owing plaintiffs a balance of $538.75 on book accounts.  Suit was brought on this account on May 7, 1886, and the defendant pleaded the statute of limitations.

Plaintiffs proved by Langenheim, a member of plaintiff firm, that they had not pressed the claim, on account of defendant's misfortune in business, but that he had frequently presented to the defendant a statement of the balance due, and that the latter had always promised to pay; that he had frequent interviews with defendant on the subject—one during the year 1877, and subsequently during the years of 1880, 1882, and 1883, the last being on December 5, when he did not dispute the balance due, and said: "I will pay you part next summer."

Defendant admitted having interviews with Langenheim, but denied that he had ever made an absolute promise to pay; that in one interview, after six years had elapsed, he said that if he were "able to pay, he would try to pay."

Defendant requested the court to charge:

1. That taking all the evidence in this case into consideration, the plaintiffs cannot recover.

*Ans.* Refused.

Plaintiff requested the court to charge:

NOTE.—For words of acknowledgment sufficient to toll the statute of limitations, see note to Mayfarth's Appeal, 1 Sad. Rep. 14.

1. That there need not be an express promise to pay in order to take the debt out of the statute of limitations, but that a clear, distinct, and unequivocal acknowledgment of the debt consistent with a promise to pay will suffice for the law to imply such a promise, even though not actually or expressly made.

*Ans.* Affirmed.

That if the jury find from the evidence that the defendant, within six years after the debt became due, acknowledged or admitted the same, and within six years after the first acknowledgment again acknowledged and admitted the debt, and that the several acknowledgments occurred within six years of each other, and the last acknowledgment within six years before the bringing of the suit in this case, then the debt sued on was never barred, and the verdict must be for the plaintiffs for the full amount of the debt with interest to date, if there was no uncertainty about the debt and the amount, and the acknowledgment and admission were clear, distinct, and unequivocal and consistent with an intention or promise to pay it.

*Ans.* Affirmed.

The court left to the jury to say upon the evidence whether the defendant promised to pay the specific debt and whether such promise had been made within six years of bringing suit.

Verdict for plaintiffs, for $875.46, and judgment thereon.

Defendant took this writ, assigning for error the answers to the points, and the charge.

*A. M. Watson,* for plaintiff in error.—A mere admission of a debt, without anything indicating its amount or nature or a promise to pay without reference to the sum paid is insufficient to toll the statute of limitations. Wolfensberger v. Young, 47 Pa. 516; Morgan v. Walton, 4 Pa. 321; Huff v. Richardson, 19 Pa. 388; Emerson v. Miller, 27 Pa. 278; Palmer v. Gillespie, 95 Pa. 340, 40 Am. Rep. 657.

A promise to pay when able will not toll the statute without proof of ability to pay. Laforge v. Jayne, 9 Pa. 412.

*George Shiras, 3d.,* for defendants in error.—The case was fairly left to the jury, who found an express promise to pay.

Per Curiam:

Langenheim's testimony was sufficient to carry this case to the

jury. He swears positively not only that the defendant, from time to time, acknowledged the rectitude of the account in suit, but also repeatedly promised to pay it. Nor is there any question, from his testimony, but that said acknowledgment and promise were made within six years of the commencement of the present action; and if that testimony was believed by the jury, as it seems to have been, it was sufficient to bar the statute.

Judgment affirmed.